[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties in this case have stipulated to a plaintiffs/ judgment, but have left to the court the question of whether the defendant's insurance carrier is liable to pay prejudgment interest pursuant to General Statute § 52-192a in excess of the insurer's liability limit of $300,000. The parties have submitted briefs with the insurance contract attached. The pertinent issue that the court must decide is whether prejudgment interest in this case should be categorized as damages to which the insurer's liability limit applies or as costs of defense which the insurer is required to pay in addition to damages. It is the court's opinion that the defendant's insurance company is not liable for prejudgment interest in excess of the $300,000 liability limit because the language of the insurance contract includes prejudgment interest as damages.
"The imposition of interest as a result of finding that the plaintiff was entitled to an award of damages in excess of the offer of judgment is mandatory. Our courts have consistently held that prejudgment interest is to be awarded by the trial court when a valid offer of judgment is filed by the plaintiff, the offer is rejected by the defendant, and the plaintiff ultimately recovers an amount greater than the offer of judgment after trial. . . . Moreover, . . . the application of § 52-192adoes not depend on an analysis of the underlying circumstances ofthe case of a determination of the facts. . . .'" (Citations omitted; emphasis in original; internal quotation marks omitted.)Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc., CT Page 13265239 Conn. 708, 752, 687 A.2d 506 (1997).
In this case, the parties have stipulated that prejudgment interest is not being sought against the defendant, Head, but against her insurance carrier, the Travelers. In determining whether the defendant's insurer is liable for any prejudgment interest, the court needs to examine the insurance contract between the defendant and her insurance company.
"It is the function of the court to construe the provisions of the contract of insurance. . . . The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . . It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy. . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . ." (Citations omitted; internal quotation marks omitted.) Springdale Donuts, Inc. v. Aetna Casualty Surety Co.,247 Conn. 801, 805, 724 A.2d 1117 (1999).
The insurance contract provides on page 3 that the Travelers "will pay damages for `bodily injury' (Coverage A) or `property damage' (Coverage 2) for which any `insured' becomes legally responsible because of an auto accident. Damages include pre-judgment interest awarded against the `insured'. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for these coverages has been exhausted." On page 10 of the insurance contract under the heading entitled "Limit of Liability", the contract provides that "[t]he limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident." The parties have agreed that the maximum limit of the insurance company's liability for damages is $300,000.
The plaintiffs argue that prejudgment interest is a cost of the Travelers' defense and, therefore, the Travelers must pay the prejudgment interest despite the fact that it will pay an amount in excess of the insurance contract's liability limit. The CT Page 13266 plaintiffs cite two cases in support of its argument, Cox v.Peerless Insurance Co., 774 F. Sup. 83 (D. Conn. 1991) andRichardson v. Allstate Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328175 (July 22, 1998, Belinkie, J.T.R.).
In opposition, the defendant argues that the insurance contract specifically provides that prejudgment interest is included as damages and, therefore, the Travelers is not liable to pay any prejudgment interest in excess of the $300,000 coverage limit. In addition, the defendant argues that the Travelers was unable to settle this case by accepting the plaintiffs' offers of judgment, because the combined offers of judgment plus the property damage already paid by the insurance company were in excess of the coverage limit. The defendant argues that the plaintiffs knew this and yet refused prior to the stipulation to settle within the policy's liability limits. The defendant argues that, therefore, her insurance company did not waste judicial resources because it did not have the opportunity to settle within the her policy limits.
A review of the case law reveals no cases immediately on point with the issue in this case. The two cases cited by the plaintiffs are not helpful. In Cox v. Peerless Insurance Co., supra, the relevant insurance contract was silent as to how prejudgment interest should be treated. The district court therefore looked at the policy behind § 52-192a and recognized that this statute was intended to encourage settlement by imposing a penalty on a nonsettling litigant. The court found that since the insurer had total control over all pre-trial settlement negotiations, prejudgment interest is a cost of defense because it is associated with the insurer's strategic decision to reject an offer of settlement rather that the underlying controversy of the case. It is noteworthy, however, that the court noted that the insurer changed the language of its policy just one year after the accident in that case occurred to include a provision that prejudgment interest is included as damages awarded against the insured. In Richardson v. AllstateInsurance Co., supra, the plaintiff brought that case against her insurance company under her uninsured motorist coverage. The present case is under the defendant's liability coverage rather than under its uninsured motorist coverage.
The court is confined to the provisions of the insurance contract. The plaintiffs have made no argument that the insurance CT Page 13267 contract is invalid. The insurance contract specifically provides that damages include prejudgment interest. The language of the contract is unambiguous. Therefore, prejudgment interest in this case is part of the plaintiffs' damages and the insurance company is not liable for any portion of the prejudgment interest that exceeds its liability limitation of $300,000.
THOMAS G. WEST, J.